14 F.3d 601
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Paul GESSLER, Plaintiff-Appellant,
v.
Norris McMACKIN, Defendant-Appellee.
 No. 93-3661.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1993.
 
 1
 Before: KEITH and JONES, Circuit Judges, and RUBIN, District Judge.*
 
 ORDER
 
 2
 Paul Gessler, a pro se Ohio prisoner, appeals a district court judgment granting the defendants' motions for summary judgment in this civil rights action which he filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Gessler initiated this civil rights action against the Chief Medical Director of the Ohio Department of Rehabilitation and Correction and several prison officials at the Marion Correctional Institution (MCI), alleging that he did not receive adequate medical treatment. Gessler received a walker with four legs (quad walker) in February of 1991, due to a back problem. In the fall of 1991, Gessler requested new tips for his walker because the original tips were worn out. New tips were ordered in November of 1991, but were standard three-quarter inch types. The tips on Gessler's walker were five-eighth inch rubber tips and, when this discrepancy was discovered, new tips were ordered that same day. However, on December 2, 1991, prior to the new tips arriving, Gessler fell while using the walker. His specific allegations are as follows: (1) the MCI staff were negligent when they did not order replacement tips in a timely fashion and when they failed to provide him with a wheelchair while waiting for the new tips to arrive; (2) a search conducted by defendant Sergeant Saylor resulted in the old tips being "pushed up" the legs of the walker which caused additional damage to the tips; and (3) defendant Dawson exhibited deliberate indifference when she failed to dispense tape to secure the new tips. Gessler sought injunctive, declaratory and monetary relief against the defendants in their individual and official capacities.
 
 
 4
 Defendants moved for summary judgment on July 30, 1992, and on December 7, 1992, a magistrate judge recommended that summary judgment be granted as to all defendants except defendant Dawson. Gessler filed objections to the report and recommendation on December 15, 1992. Gessler stated he objected to the report "in its entirety." On March 3, 1993, the district court determined that Gessler's objections were nothing more than a general objection, found them to be without merit, and adopted the report and recommendation in its entirety. On May 25, 1993, the court concluded that Gessler's allegations against defendant Dawson did not rise to the level of deliberate indifference such that it offended the evolving standards of decency.
 
 
 5
 Initially, we note that Gessler has waived his right to appellate review of the magistrate judge's December 7, 1992, report and recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir.1987). Gessler's general objections to the report and recommendation were inadequate to preserve the right to appeal the subsequent order of the district court adopting and approving that report. Absent a specific objection to the magistrate judge's report, Gessler is now barred from complaining further of any errors in that recommendation and the subsequent dismissal of those claims asserted against the defendants. See Howard v. Secretary of HHS, 932 F.2d 505, 509 (6th Cir.1991). Only the May 25, 1993, summary judgment in favor of defendant Dawson will be reviewed.
 
 
 6
 Upon review, we conclude that summary judgment was proper as there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 7
 Gessler has established that he suffers from a serious medical condition. His back condition, which he has identified as a degenerative spinal disease, constitutes a serious medical condition, as evidenced by the necessity to provide him with the quad cane. See Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991); Estelle v. Gamble, 429 U.S. 97, 104 (1976).
 
 
 8
 Gessler, however, has not established that defendant Dawson was deliberately indifferent to his serious condition. In order to satisfy this element, a plaintiff must do more than show an ordinary lack of due care for the prisoner's interest or safety. See Wilson, 111 S.Ct. at 2326. "[T]he prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 2326-27. Defendant Dawson effectively demonstrated that she attended to Gessler's complaints about the quad cane. Dawson's statements, as alleged by Gessler, do not rise to the level of deliberate indifference such that it offends the evolving standards of decency.
 
 
 9
 Gessler has not shown or alleged how an extension of the opportunity to submit additional material would have any effect on the district court's final analysis, in order to show reversible error by that court or an abuse of its discretion. Rhodes v. McDannel, 945 F.2d 117, 119 (6th Cir.1991) (per curiam), cert. denied, 112 S.Ct. 872 (1992); Nuclear Transport & Storage, Inc. v. United States, 890 F.2d 1348, 1351 (6th Cir.1989), cert. denied, 494 U.S. 1079 (1990).
 
 
 10
 Finally, we note that Gessler alleged in his complaint and now on appeal that he was arbitrarily transferred from Warren Correctional Institution (WCI) to MCI because he filed a grievance alleging inadequate medical care at WCI. He also alleged that WCI and MCI staff denied him prescribed pain medication. The district court did not address these claims. In any event, they are not reviewable. First, Gessler did not name the WCI staff as defendants in this lawsuit. Second, his claim regarding his pain medication is waived as it is essentially a challenge to the magistrate judge's December 7, 1992, report and recommendation.
 
 
 11
 For the foregoing reasons, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl B. Rubin, U.S. District Judge for the Southern District of Ohio, sitting by designation