27 F.3d 567
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Victor J. RUSSELL, Plaintiff-Appellant,
v.
James HEINEMAN, Defendant-Appellee.
 No. 93-4390.
 United States Court of Appeals, Sixth Circuit.
 May 12, 1994.
 
 Before: BOGGS and SUHRHEINRICH, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Victor Russell, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Russell sued a prison mail room supervisor at the Southern Ohio Correctional Facility (SOCF) in his individual and official capacities. Russell alleged that the defendant violated his due process rights by failing to inform him of the correct procedures by which he could receive mail, and by returning a television that had been mailed to Russell by his mother because it was not mailed in accordance with prison policy. A magistrate judge liberally construed Russell's complaint as raising a First Amendment mail withholding claim, a claim seeking relief under the Ohio Administrative Code, and a due process claim. The magistrate judge recommended granting summary judgment to the defendant on Russell's due process and Ohio Administrative Code claims, but recommended that Russell be allowed to proceed with his First Amendment mail withholding claim. Over defendant's objections, the district court adopted the magistrate judge's recommendation. Thereafter, the defendant filed a motion for summary judgment. The defendant argued that Russell waived his right to proceed with his Sec. 1983 action as to his mail withholding claim because he had filed a civil action in the Ohio Court of Claims based on the same facts presented in his civil rights action. The district court then granted defendant's summary judgment motion and dismissed the case.
 
 
 3
 On appeal, this court vacated the district court's judgment and remanded the case without commenting on the ultimate merits of Russell's claims. The court found that there existed a genuine issue of material fact as to whether or not Russell had filed a civil action in the Ohio Court of Claims or authorized his parents to do so on his behalf.
 
 
 4
 On remand, the district court again granted summary judgment on behalf of the defendant and dismissed the case. On appeal, Russell continues to argue the merits of his case. He requests the appointment of counsel and oral argument.
 
 
 5
 Initially, it is noted that to the extent Russell sued defendant in his official capacity for monetary relief, Heineman is not subject to suit in that capacity for monetary relief under 42 U.S.C. Sec. 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).
 
 
 6
 Upon de novo review, we affirm the district court's judgment because there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The defendant's conduct did not cause Russell to be injured or deprived of any constitutional right. See Rhodes v. McDannel, 945 F.2d 117, 119 (6th Cir.1991) (per curiam), cert. denied, 112 S.Ct. 872 (1992). In addition, Russell did not allege, and the facts fail to show, that Heineman was personally involved in or authorized, approved or knowingly acquiesced in the alleged unconstitutional conduct. See Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989). Heineman is not liable solely under the theory of respondeat superior, as this theory no longer supports Sec. 1983 liability. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978).
 
 
 7
 Accordingly, we deny Russell's requests for counsel and oral argument, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.