**Tonya RHODES, Plaintiff–Appellant,**

v.

**Craig McDANNEL, et al., Defendants–
Appellees.**

**Nos. 90–1160, 90–1161 and 90–1162.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 4, 1991.

Decided June 10, 1991.

Robert A. Yingst (argued and briefed), Holly F. Underwood (briefed), Boothby, Ziprick & Yingst, Berrien Springs, Mich., for plaintiff-appellant cross-appellee.

Marcia L. Howe (argued and briefed), Cummings, McClorey, Davis & Acho, Livonia, Mich., Richard H. Winslow (briefed), Cummings, McClorey, Davis & Acho, Battle Creek, Mich., for defendants-appellees cross-appellants.

Before RYAN and SUHRHEINRICH, Circuit Judges, and SILER, Chief District Judge.[*]

PER CURIAM.

The appellant, Tonya Rhodes, representative of the estate of James E. West (hereinafter "plaintiff"), in this 42 U.S.C. § 1983 action appeals a summary judgment entered by the district court in favor of the appellees Deputy Sheriff Craig McDannel, Sheriff H. Cal Rosema, and the Van Buren County Sheriff's Department.

This case arises out of a shooting incident that occurred at the home of the late James West in Hartford, Michigan. On March 7, 1989, the Hartford Police Department was telephoned by Shari Heffington (Shari)[1] who stated that West was chasing her around the home with a machete. Deputies McDannel and Shaw went to the door of West's home and were met by Shari. Deputies Lux and Craft remained outside the home to secure the perimeter. Shari informed the officers that West was in the home and threatening her with a knife. Shari escorted the officers into the living room when West entered the room and advanced with a machete toward Shari and the two officers. Several times the officers ordered West to drop the knife, but West failed to heed the warnings. When he advanced within a distance of four to six feet with the machete raised, McDannel fired his weapon and killed West.

Plaintiff raised two issues before the district court on the merits of the case: gross negligence by McDannel and the use of unreasonable deadly force. The court granted summary judgment for the defendants. On the first issue (gross negli-

---

[*] The Honorable Eugene F. Siler, Jr., Chief United States District Judge for the Eastern District of Kentucky and United States District Judge for the Western District of Kentucky, sitting by designation.

1. There was some evidence in the record that the caller may have been Junior Heffington, Shari's father.

gence), relying on *Jones v. Sherrill,* 827 F.2d 1102, 1106 (6th Cir.1987), it ruled that the undisputed facts negate any gross negligence on the part of the deputies. On the second issue (unreasonable deadly force), it held as a matter of law that the deadly force used was not unreasonable, in light of the undisputed facts that West advanced toward the officers with a machete that had a 24–inch blade, that he raised it after ignoring a warning to drop it, and that he got within four to six feet of the officers before he was shot. In addition, the plaintiff moved for a recusal of the judge. The trial court denied the motion for failure to assert facts sufficient for recusal under 28 U.S.C. §§ 144 and 455(a). For the following reasons, we affirm.

## I.

■ The first issue is whether the plaintiff was given sufficient opportunity for discovery prior to the entry of summary judgment. The district court has broad discretion in regulating discovery, and its ruling will not be overturned unless there is a clear abuse of discretion. *Misco, Inc. v. United States Steel Corp.,* 784 F.2d 198 (6th Cir.1986); *see also Little v. City of Seattle,* 863 F.2d 681 (9th Cir.1988).

■ As the court issued its final orders within three months of filing of the complaint, the plaintiff argues that she did not have the benefit of the following expert evaluations: (1) an expert opinion stating that the distance between the deputies and the deceased at the time of the shooting was at least eight to nine feet; (2) an expert opinion that proper police procedure was to secure the premises; (3) an opportunity to examine the gun; and (4) an opportunity to investigate the trajectory of the shot. Assuming that the distance was eight to nine feet, an immediate threat to safety remains in the living room that measures eight by ten feet. The expert opinion on police procedure is not conclusive as to whether the officers' actions are "objectively reasonable" anyway. *See Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Finally, an examination of the trajectory of the shot would appear to be evidence only to contradict the officers' testimony concerning the direction of the shot.

## II.

■ In order to sustain a section 1983 claim, one must show that: (1) the conduct was under color of state law; (2) the conduct deprived the plaintiff of constitutional rights; and (3) the deprivation occurred without due process of law. *Nishiyama v. Dickson County, Tenn.,* 814 F.2d 277, 279 (6th Cir.1987) (en banc). The plaintiff claims that her fourth amendment rights were violated when the officers entered the home without a warrant. However, there were consent and exigent circumstances, each of which allows a warrantless entry of the dwelling.

The plaintiff asserts that the officers failed to prove that they obtained consent to enter from one who had the authority to consent. She argues that the consent exception to the warrant requirement does not apply, because Shari was a third party who had no interest in the West home and was not a co-habitant of the premises. *See Moffett v. Wainwright,* 512 F.2d 496 (5th Cir.1975) (defendant's girlfriends did not have sufficient rights to the premises to consent to a search).

However, the *Moffett* case is distinguishable. In the present case, there was an invitation by Shari to enter the premises. She had the apparent authority to consent to the entry, as she had from that address previously contacted police and admitted to residing there on occasion. Third party consent "does not rest upon the law of property ... but rests rather on mutual use of the property by persons generally having joint access or control...." *United States v. Matlock,* 415 U.S. 164, 171 n. 7, 94 S.Ct. 988, 993 n. 7, 39 L.Ed.2d 242 (1974). Shari had mutual use of the premises and referred to the residence as her home address.

■ The plaintiff also argues that the exigent circumstances exception does not apply because: (1) the officers observed that Shari was unharmed; (2) there was no

immediate danger observed upon arrival; and (3) there would have been no danger if the officers had removed Shari from the alleged area of danger.

However, the officers were entitled to search a private dwelling without a warrant, if they were responding to an emergency. *United States v. Dart,* 747 F.2d 263, 267 (4th Cir.1984). The telephone call indicated that Shari was being pursued by a man with a knife. Furthermore, upon arrival the officers verified that an emergency existed which posed a real danger to the police and public. Accordingly, even if Shari's consent was invalid, exigent circumstances existed which permitted a warrantless entry.

### III.

■■■ The plaintiff argues that the officers used excessive force and created the need for such force. A section 1983 claim exists if an officer acting under the color of state law "intentionally does something un-, reasonable with disregard to a known risk or a high probability that harm will follow." *Nishiyama v. Dickson County, Tenn., supra.* Nonetheless, deadly force may be used "[w]here the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others." *Tennessee v. Garner,* 471 U.S. 1, 11, 105 S.Ct. 1694, 1701, 85 L.Ed.2d 1 (1985).

The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene rather than the 20/20 vision of hindsight.... [and] the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

*Graham,* 490 U.S. at 396–97, 109 S.Ct. at 1871–72. As West advanced upon the officers and Shari with a raised machete, despite several warnings to halt, McDannel was justified in using deadly force. Furthermore, the fact that the officers entered the home with Shari in order to apprehend

West did not amount to gross negligence under *Nishiyama.*

### IV.

■■■ The plaintiff argues that gross errors in police procedure occurred and that the Sheriff's Department failed to properly train and supervise its deputies. However, the Sheriff's Department is not a legal entity subject to suit, *Kurz v. Michigan,* 548 F.2d 172, 174 (6th Cir.), *cert. denied,* 434 U.S. 972, 98 S.Ct. 526, 54 L.Ed.2d 462 (1977), nor is the sheriff responsible for the misconduct of the deputies. Mich.Comp.Laws § 51.70 (1990). As to the officers' individual capacities, they are each entitled to qualified immunity. Qualified immunity exists for governmental officials who perform discretionary functions unless their conduct violates clearly established constitutional rights of another. *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). When West approached the officers with a machete, McDannel justifiably acted in defense of himself and others.

### V.

■■■ The plaintiff argues that the district judge showed hostility and lack of impartiality toward plaintiff's counsel. It is alleged that the judge admonished counsel for filing cases without knowing the law and stated "Mr. Yingst, put your pencil down, I am talking to you! That is very disrespectful!" The plaintiff cites 28 U.S.C. §§ 144 and 455(a) which state that a judge may be disqualified or recuse himself from a case where personal bias or prejudice exists against a party or for an opponent.

■■■ The plaintiff has the burden to convince a reasonable man that bias exists. *United States v. Story,* 716 F.2d 1088 (6th Cir.1983). The plaintiff has failed to establish objective evidence of "personal" bias. *Knapp v. Kinsey,* 232 F.2d 458, 466 (6th Cir.), *cert. denied,* 352 U.S. 892, 77 S.Ct. 131, 1 L.Ed.2d 86 (1956). The judge's admonishment of counsel exhibited frustration, but not bias or prejudice toward the plaintiff's case.

Finding no error in the proceedings below, the district court judgment is AFFIRMED.