2 F.3d 1151
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bobby D. MURRAY; Bobby L. Murray; Billy D. Murray; Roger
A. Murray; Loretta Murray, Plaintiffs-Appellants,
v.
ROANE COUNTY CRIMINAL JUSTICE SYSTEM; Eugene Eblen;
Charles Hawk; Frank Harvey; Roger Delp; Dennis Humphrey;
Carolyn Chaney; Dawn Burian; Roane County, Tennessee;
Roane County Sheriff's Department; Probation Department;
Dennis Ledbetter; Clarence Robbins; Darrell Sermons; Sam
Jones; Arnold Clower; Thomas Austin; Louise Thomas;
Vernell Kirkland; State of Tennessee, Defendants-Appellees.
 No. 92-6141.
 United States Court of Appeals, Sixth Circuit.
 Aug. 13, 1993.
 
 1
 Before: BOGGS and SILER, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Bobby D., Bobby L., Billy D., Roger A., and Loretta Murray appeal the dismissal of their civil rights complaint filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiffs filed a motion for a temporary restraining order or an injunction in the district court alleging that they were subjected to state criminal prosecution because they are the adoptive family of a black child. Plaintiffs addressed allegations against Roane County, Tennessee, a state criminal judge, various state-court employees, and several state prosecutors, "(i)ndividually and in the [sic] professional capacity." The district court construed the motion as a civil rights complaint filed under 42 U.S.C. Sec. 1983, denied the motion for injunctive relief, and directed plaintiffs to file a civil rights complaint conforming to the Rules of Civil Procedure. Thereafter, plaintiffs filed a document in which they described various state criminal proceedings and renewed their request for injunctive relief. The district court treated the document as a motion to amend the initial complaint and granted the motion. However, the district court directed plaintiffs to amend their complaint further to conform to the requirements of the Rules of Civil Procedure.
 
 
 4
 Next, plaintiffs filed a document in which they attempted to comply with the district court's direction that they amend their complaint. The defendant state employees moved to dismiss the complaint as amended for failure to state a claim upon which relief can be granted, and plaintiffs responded in opposition. The district court granted defendants' motion to dismiss and dismissed the case in its entirety.
 
 
 5
 Upon consideration, it is concluded that the complaint was properly dismissed for the reasons stated by the district court in its memorandum opinion filed July 31, 1992. Further, plaintiffs' contention on appeal that the district court held them to the same standard as attorneys is belied by the record. Also, plaintiffs provide no foundation for their allegation of bias. See Rhodes v. McDannel, 945 F.2d 117, 120 (6th Cir.1991) (per curiam), cert. denied, 112 S.Ct. 872 (1992).
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation