19 F.3d 18
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ashley C. DABBS, Jr., Plaintiff-Appellant,
v.
Scott CUTLER, Defendant-Appellee.
 No. 93-5003.
 United States Court of Appeals, Sixth Circuit.
 March 1, 1994.
 
 Before SILER, Circuit Judge; ENGEL, Senior Circuit Judge; and MILES, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Ashley Dabbs appeals the judgment after a jury verdict in favor of defendant Scott Cutler, in this civil rights case under 42 U.S.C. Sec. 1983. On appeal, Dabbs claims three errors: 1) the court allowed into evidence testimony concerning Dabbs' susceptibility to injury; 2) the court allowed into evidence testimony concerning Dabbs' activities prior to the arrest; and 3) the jury verdict was contrary to the weight of the evidence. For reasons stated herein, we AFFIRM.
 
 Background
 
 2
 On the night of his arrest Dabbs had been drinking beer at the Classic Cat night club in Oak Grove, Kentucky. Dabbs left driving a car and was pulled over soon thereafter by an officer from the Oak Grove Police Department. After failing two field sobriety tests, Dabbs was placed under arrest. Dabbs fled in his car, initially heading north but quickly turning around and heading south.
 
 
 3
 The officer began pursuit and called for assistance. Near the Tennessee border, Cutler, a Clarksville, Tennessee police officer, joined in the chase. At this point the first officer was run off the road by Dabbs and did not rejoin the chase. Dabbs eventually stopped his car at a roadblock set up in front of a bridge. Before stopping, Dabbs' car struck another car that had stopped at the roadblock. Dabbs then tried to push that car out of the way with his car.
 
 
 4
 Three police officers surrounded Dabbs' car and ordered him out. Dabbs did not respond. Cutler's superior ordered Cutler to remove Dabbs from his car. Cutler then grabbed Dabbs, removed him from the car and placed him face down on the ground. At this point Dabbs' left hand was handcuffed but the police were unable to cuff the right hand. Dabbs refused to cooperate and tensed his right arm. Cutler told Dabbs: "Put your arm behind your back or I will break it." Cutler then applied pressure to Dabbs' arm in an attempt to bring it around behind his back, and broke Dabbs' arm. Two police officers said that they were surprised when they heard the arm "pop" as Cutler was not applying enough pressure to break a bone.
 
 
 5
 After the arrest, Dabbs was treated for a broken arm by Dr. W. Cooper Beazley. Dr. Beazley also performed a blood alcohol test on Dabbs because he appeared to be intoxicated. The results of this test were .298, nearly three times the legal level of intoxication. Dr. Beazley revealed that Dabbs suffered from spinal muscular atrophy which caused his bones to be thinner and weaker than normal and resulted in a bone condition comparable to a typical osteoporotic female between 75 and 80 years of age. Further, Dr. Beazley testified to previous bone injuries suffered by Dabbs.
 
 I.
 
 6
 The day before trial was to begin, Dabbs moved the court in limine to exclude testimony in Dr. Beazley's deposition about broken bones the plaintiff had previously suffered from injuries and about plaintiff's susceptibility to bone breaks because of his physical condition. The court denied the motion, primarily because it was an untimely objection under its local rules. At Dr. Beazley's deposition the parties stipulated to the following: "All objections, except as to the form of the questions, are reserved to on or before the hearing." Dabbs' counsel made no objections during the deposition. Typically, objections to deposition testimony should be made on the record. However, the parties to litigation are allowed to enter stipulations regarding discovery procedures. Fed.R.Civ.P. 29.
 
 
 7
 The District Court for the Middle District of Tennessee has local rules about the use of and objections to deposition testimony. Local Rule 9(d)(4) provides:
 
 
 8
 In jury cases, when a deposition is to be read at trial as the basic testimony of a witness, all counsel shall, at least seven (7) days prior to the trial date, advise opposing counsel of those portions of the deposition to be read to the jury. Such portions are to be designated by underlining or otherwise marking on the deposition, and if such designations are made on the same copy of the deposition by attorneys representing different interest in the litigation, contrasting colors shall be used. All repetitious and irrelevant questions and answers and all colloquy between counsel--including objections to questions, instructions to the deponent, and impertinent remarks--must be deleted. All objections to portions of the depositions thus prepared must be submitted to the Trial Judge prior to the use of said depositions at trial, in accordance with Rule 12(d)(1).
 
 Local Rule 12(d)(1) provides:
 
 9
 Objections to portions of testimony contained in a deposition to be read at trial in accordance with Rule 9(d)(4) shall be presented to the Court five (5) days before trial.
 
 
 10
 Dabbs argues that the above two local rules are inconsistent with Fed.R.Civ.P. 29. He contends that it is unclear whether the local rules relate to "evidentiary" objections normally reserved for motions in limine. The local rules in question are not in conflict with Rule 29. The local rules simply provide the mechanism whereby objections to portions of deposition testimony to be read at trial are to be presented to the district court for consideration. Fed.R.Civ.P. 83 grants district courts the power to "make and amend rules governing [their] practice," and the Supreme Court has recognized the inherent power of such courts to take appropriate action to secure the just and prompt disposition of cases. See Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962). The parties agreed that objections would not have to be made on the record during the taking of Dr. Beazley's deposition. Dabbs' counsel requested and Cutler's counsel in fact deleted portions of Dr. Beazley's testimony.
 
 
 11
 Further, Local Rule 9(d)(4) cites Local Rule 12(d)(1). The latter rule states that objections to portions of testimony in a deposition to be read at trial shall be presented to the court five days before the trial. Neither rule contains any limiting language concerning the type of objections covered. As Dabbs did not object to those portions of Dr. Beazley's testimony five days before trial, the district court properly denied his motion in limine.
 
 
 12
 Dabbs further asserts that his susceptibility to injury was not relevant to the issue of whether excessive force was used by Cutler in arresting him. In civil rights cases, the standard of proof of excessive force is judged by the Fourth Amendment's reasonableness standard. The question is whether a particular seizure was justified under the totality of the circumstances. Tennessee v. Garner, 471 U.S. 1, 8-9 (1985). Thus, the district court must determine "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989).
 
 
 13
 When Cutler was attempting to handcuff Dabbs, Cutler knew nothing more than Dabbs' evasion from the police. The only force used on Dabbs was in reaction to his refusal to bring his own right arm around his back. Cutler had no way of knowing about Dabbs' physical condition prior to the use of that force.
 
 
 14
 The issue of how much force was used centers on the fact that Dabbs' arm was broken during the arrest. Certainly, Dabbs' susceptibility to injury was relevant to the jury on the issue of whether the amount of force used by Cutler in arresting Dabbs was unreasonable. Therefore, the district court was correct in admitting evidence of Dabbs' susceptibility to injury.
 
 II.
 
 15
 Dabbs next argues that the district court improperly denied his motion in limine concerning his activities prior to the alleged civil rights violation. Dabbs contends that what he did from the time he left the Classic Cat bar until he reached the roadblock at the bridge is irrelevant. In order to determine whether Cutler used excessive force, the court found that the jury had to have a complete picture of what the officer faced when he made the judgment of how much force to use.
 
 
 16
 As mentioned, the reasonableness of the use of force by a police officer in effecting an arrest is determined by whether the officer's actions were objectively reasonable in light of the facts and circumstances confronting the officer at the time the force was used. Graham, 490 U.S. at 397. This court has recently reiterated that test. See Rhodes v. McDannel, 945 F.2d 117 (6th Cir.1991), cert. denied 112 S.Ct. 872 (1992). The district court noted that it would "distort the picture ... if the camera started showing only after his vehicle came to a stop and that point forward." The district court correctly denied Dabbs' motion in limine concerning his activities prior to his arrest.
 
 III.
 
 17
 Dabbs' final argument is that the jury verdict was inconsistent with the evidence presented at trial. Once again, Dabbs refuses to consider the activities leading up to the point where his car came to a stop. Dabbs also mentions bruises on his throat and a scar on his face as evidence that Cutler used excessive force during the arrest. Dabbs further argues that there is no evidence that he resisted in the handcuffing of his right hand.
 
 
 18
 In reviewing a jury verdict in a case involving a Fourth Amendment excessive force claim the appellant must prove that the verdict was clearly erroneous. Pleasant v. Zamieski, 895 F.2d 272, 275 (6th Cir.), cert. denied, 498 U.S. 851 (1990). There was ample evidence to uphold the jury's determination that the force used by Cutler was not unreasonable or excessive under the circumstances.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior District Judge for the Western District of Michigan, sitting by designation