28 F.3d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard Henry MORGAN, Plaintiff-Appellant,
v.
LEXINGTON FAYETTE URBAN COUNTY DIVISION OF POLICE; Dr.
Raymond Jackson; Larry Walsh, Chief, Lexington Fayette
Urban County Division of Police; Robert A. Williams,
Officer; Don Lee, Officer; Michael Collins, Detective,
Lexington Fayette Urban County Division of Police; Barney
Kinman, Sergeant, in their individual and official
capacities, Defendants-Appellees.
 No. 94-5106.
 United States Court of Appeals, Sixth Circuit.
 June 30, 1994.
 
 Before: MARTIN, SUHRHEINRICH and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Richard Henry Morgan, a pro se Kentucky prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Morgan sued the defendants, Lexington Fayette Urban County Division of Police, Larry Walsh, Barney Kinman (police supervisors), Robert Williams, Don Lee, Michael Collins (police officers and a police detective), and Raymond Jackson (a doctor), in their individual and official capacities. Morgan alleged that the defendants violated his constitutional rights on January 27, 1992, by questioning him after they read him his Miranda rights (pursuant to Miranda v. Arizona, 384 U.S. 436 (1966)) even though he requested counsel, by failing to provide him with immediate medical care, by failing to properly train and supervise police officers, and by failing to provide him with competent medical care.
 
 
 3
 A magistrate judge recommended granting the defendants' motions to dismiss. After de novo review in light of plaintiff's objections, the district court adopted the recommendation of the magistrate judge and dismissed the case.
 
 
 4
 On appeal, Morgan raises his claim that the defendants violated his Eighth and Fourteenth Amendment rights. He makes no mention of the argument he raised in the district court regarding his Fifth Amendment right against self-incrimination. He also alleges that the district court erred because it did not allow for discovery in the case.
 
 
 5
 Initially, we note that on appeal, Morgan failed to raise his Miranda claim regarding his Fifth Amendment right against self-incrimination. Because Morgan has not raised this claim on appeal, it is considered abandoned and not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 Upon review, we conclude that the district court properly dismissed Morgan's Sec. 1983 action for failure to state a claim because, even when the factual allegations of the complaint are accepted as true, it is clear that the plaintiff can prove no set of facts which would entitle him to relief against the defendants. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990).
 
 
 7
 Morgan did not provide facts which demonstrate that defendant Jackson was acting under color of state law when he treated Morgan, see Flagg Bros. v. Brooks, 436 U.S. 149, 155 (1978), or that Jackson was deliberately indifferent to Morgan's serious medical condition. See Estelle v. Gamble, 429 U.S. 97, 104 (1976).
 
 
 8
 As to defendants Walsh, Kinman, and the Lexington Fayette Police Department, Morgan did not allege that these defendants' conduct caused him to be deprived of any constitutional right. See Rhodes v. McDannel, 945 F.2d 117, 119 (6th Cir.1991) (per curiam), cert. denied, 112 S.Ct. 872 (1992). Morgan did not allege that any specific police department policy or custom caused the allegedly unconstitutional conduct, see Collins v. City of Harker Heights, Tex., 112 S.Ct. 1061, 1067-68 (1992), and respondeat superior does not support Sec. 1983 liability. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978).
 
 
 9
 Morgan failed to state a claim against defendants Williams, Lee and Collins because he did not show that they were deliberately indifferent to Morgan's serious medical needs. See Estelle, 429 U.S. at 104.
 
 
 10
 Because Morgan failed to state a claim upon which relief could be granted, discovery was not necessary in the case. See Neitzke v. Williams, 490 U.S. 319, 326-27 (1989); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir.1987).
 
 
 11
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.