30 F.3d 134
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wilbert MARCUM; Linda Marcum, Plaintiffs-Appellants,
v.
WELLMAN FUNERAL HOME, INC., Defendant-Appellee.
 No. 93-3627.
 United States Court of Appeals, Sixth Circuit.
 July 21, 1994.
 
 Before: KEITH, NORRIS, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs-Appellants Wilbert and Linda Marcum appeal the district court's grant of summary judgment to the defendant, Wellman Funeral Home, in this personal injury action. We affirm the judgment of the district court.
 
 
 2
 * Plaintiffs filed this action in the district court, invoking diversity jurisdiction, and claiming that while plaintiff Wilbert Marcum was a business invitee on the premises of the defendant, he bent over to extinguish his cigarette in an ashtray and, upon straightening up, struck his head on a light fixture affixed to the building wall directly above the ashtray. Plaintiffs claim that the defendant or one of its employees negligently positioned the ashtray below the light fixture, creating an unreasonable risk of harm to Wilbert Marcum, rendering defendant liable to plaintiffs in damages under Ohio law.
 
 
 3
 During the course of the litigation a dispute arose between the parties over certain deposition questions asked of defendant's vice-president, Wellman, which defendant's counsel instructed him not to answer. At the conclusion of the deposition, the parties agreed that Wellman's deposition would be continued until the next week and would be concluded at that time, following the deposition of another witness. However, when Wellman and defendant's counsel appeared at the appointed time for the continued deposition and defendant's counsel indicated that he would permit Wellman to answer the questions which counsel earlier had instructed him not to answer, plaintiffs' counsel refused to continue the deposition. Instead, plaintiffs' counsel filed a motion to compel answers to deposition questions and to impose sanctions.[1] The district court, ruling that the dispute was "petty bickering" and that both counsel were at fault, sanctioned defendant's counsel for instructing the witness not to answer the questions at the first deposition, but denied the plaintiffs' motion to compel and specifically refused to permit Wellman to be further deposed. The court held that plaintiffs' counsel had improperly prolonged the dispute by refusing to continue the deposition when defendant's counsel had offered to permit the witness to answer the questions at the continuation of the deposition. Subsequently, defendant moved for summary judgment. Finding that there were no genuine issues of material fact in dispute,[2] the district court granted the motion.
 
 
 4
 Plaintiffs assign as error (1) the granting of summary judgment when there were genuine issues of fact upon which a jury could reasonably have found for plaintiffs, and (2) the denial of plaintiffs' motion to compel and the refusal to permit the further deposing of Wellman. We address these assignments in reverse order, since we conclude that plaintiffs are really claiming that, had the district court ordered that Wellman would be deemed to have answered affirmatively the deposition questions at issue, then the record would reflect the defendant's admission that it had knowingly permitted a dangerous condition to persist on the premises; on this record there would have been an issue for the jury; therefore, summary judgment was improperly granted.
 
 II
 A. THE DISCOVERY ISSUE
 
 5
 Plaintiffs claim that the district court erred by refusing to permit Wellman to be deposed further and refusing to sanction defendant by treating the unanswered deposition questions as having been answered in the affirmative. In this circuit rulings on discovery are reviewed for a clear abuse of discretion. Rhodes v. McDannel, 945 F.2d 117, 119 (6th Cir.1991) cert. denied, 112 S.Ct. 872 (1992). Here, there was no such abuse of discretion. The district court found that the defendant's counsel had improperly instructed his client not to answer the questions at issue, and sanctioned counsel for that action. However, the district court also found, and that finding is not clearly erroneous, that one week after the deposition in which the unjustified instruction was given, defendant's counsel made the defendant available for additional questioning, specifically for the purpose of answering the previously unanswered questions and resolving the dispute about them, and that plaintiffs' counsel refused to question defendant further. Plaintiffs' counsel instead proceeded to file a motion to compel answers and for sanctions.[3] The district court ruled that plaintiffs' counsel had prolonged the dispute by refusing to continue with the defendant's deposition and that under the circumstances the motion to compel and for sanctions was denied and that plaintiffs would not be permitted to further depose the defendant.
 
 
 6
 Rule 37(a) certainly permits a party to move for an order compelling answers to deposition questions and for sanctions. Fed.R.Civ.P. 37(a). That subsection of the rule requires, however, that the movant include in his motion a certification that he has in good faith attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action. If that motion is granted, or if the disclosure is forthcoming after the motion to compel is filed, the movant may be entitled to expenses and attorney fees. Subsection (b) of Rule 37 lays out the sanctions available to the movant when such an order has been issued and the order is not complied with. Fed.R.Civ.P. 37(b). But plaintiffs here contend that it was an abuse of discretion for the trial judge to refuse to apply those sanctions when there had been no good faith attempt to secure the disclosure without court action, and in fact, the disclosure had been tendered before the motion to compel was filed, and there was no discovery order of the court with which defendant had failed to comply. Plaintiffs offer no authority to support their contention that the failure of an opposing party to answer questions the first time around causes irreparable harm to the party propounding the questions because, once the answering party has had time to think about the questions, his answers will not be truthful. We have found no authority for that proposition, and we reject it.
 
 
 7
 B. THE GRANT OF SUMMARY JUDGMENT TO DEFENDANT
 
 
 8
 Plaintiffs claim that the district court erred in granting summary judgment to the defendant because there was sufficient evidence in the record on which a jury could have found for the plaintiffs on the negligence claim. We read into this claim plaintiffs' contention that, had the district court not erred in refusing to sanction defendant's failure to answer several deposition questions, there would have been admissions by the defendant's vice president that he believed the premises were dangerous. There are, however, no such admissions in the record, and as we have already held, the district court did not abuse its discretion in refusing to impose the sanctions plaintiffs demand.
 
 
 9
 Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. We review a district court's grant of summary judgment de novo. Pinney Dock & Transp. Corp. v. Penn Cent. Corp., 838 F.2d 1445, 1472 (6th Cir.), cert. denied, 488 U.S. 880 (1988). A district court's determination of state law is also reviewed de novo. Salve Regina College v. Russell, 499 U.S. 225, 231 (1991).
 
 
 10
 We hold that the district court did not err in granting summary judgment to defendant. We have carefully reviewed the record and the district court's opinion in this case, and we conclude that the district court correctly found that there are no factual disputes material to the issues in the case. The district court carefully and accurately set out the facts of the case, and correctly determined that in Ohio, whose law governs this diversity case, it is not negligent for a business owner to fail to warn a business invitee of an obvious danger. Because we can add nothing to the opinion of the district court, we hold that the judgment is affirmed for the reasons stated in the district court's opinion.
 
 III
 
 11
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Neither party apparently thought we would have any need to see the plaintiffs' motion; it is not included in the joint appendix. We glean from the plaintiffs' brief that among the sanctions sought was an order that the questions that Wellman was directed not to answer--designed to elicit the witness's personal opinion as to whether the circumstances surrounding the incident created an unreasonable risk of harm--would be deemed to have been answered in the affirmative
 
 
 [2]
 Defendant conceded the facts as presented by plaintiffs for purposes of the summary judgment
 
 
 [3]
 Although plaintiffs' counsel argues that the reason for his refusal to proceed with the continued deposition was that he was not aware that Wellman would be produced at that time and he was therefore not prepared to proceed, the record clearly reflects that counsel for both parties had agreed to this arrangement