37 F.3d 1499
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 In re David A. KERSH, Debtor-Appellant.
 No. 93-2138.
 United States Court of Appeals, Sixth Circuit.
 Oct. 3, 1994.
 
 1
 Before: MARTIN and BOGGS, Circuit Judges, and FORESTER, District Judge.*
 
 ORDER
 
 2
 David Kersh, proceeding pro se, appeals a district court order affirming a bankruptcy court's decision dismissing Kersh's bankruptcy petition filed pursuant to Chapter 11 of the Bankruptcy Code. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1989, Kersh filed a Chapter 11 bankruptcy petition. In December 1989, the bankruptcy court dismissed the case, because Kersh had failed to file his schedules in a timely fashion. In February 1992, the district court reversed this decision and granted Kersh's petition to reinstate his Chapter 11 proceeding. The bankruptcy court subsequently entered an order directing Kersh to show cause why his case should not be dismissed or converted to a petition under Chapter 7. At the subsequent hearing, the court determined that Kersh was unable to submit a plan of reorganization that could be confirmed, and thus dismissed the petition. Kersh appealed this decision to the district court.
 
 
 4
 Upon review, the district court determined that the bankruptcy court had properly dismissed the case and denied Kersh's appeal. The court subsequently denied Kersh's motion for reconsideration filed pursuant to Fed.R.Civ.P. 59. Kersh has filed a timely appeal from this decision. On appeal, Kersh requests initial en banc consideration of his appeal and also requests that this court publish its decision in this case.
 
 
 5
 Upon review, we conclude that the bankruptcy court did not abuse its discretion in dismissing Kersh's Chapter 11 bankruptcy petition. Matter of Woodbrook Assocs., 19 F.3d 312, 315 (7th Cir.1994); In re Lumber Exchange Bldg. Ltd. Partnership (Lumber Exchange Bldg. Ltd. Partnership v. Mutual Life Ins. Co.), 968 F.2d 647, 648 (8th Cir.1992). Further, both the district judge and the bankruptcy judge properly declined to recuse themselves from this matter. See Rhodes v. McDannel, 945 F.2d 117, 120 (6th Cir.1991) (per curiam), cert. denied, 112 S.Ct. 872 (1992).
 
 
 6
 Accordingly, we deny Kersh's requests for initial en banc consideration and publication of decision and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Karl S. Forester, U.S. District Judge for the Eastern District of Kentucky, sitting by designation