38 F.3d 1216
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 In re Robert E. SWEENEY, Petitioner-Appellant.
 No. 94-5363.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1994.
 
 Before: LIVELY, JONES and SILER, Circuit Judges.
 
 ORDER
 
 1
 Robert E. Sweeney, a pro se federal prisoner, appeals a district court order dismissing his "petition for an order compelling discovery." The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Sweeney filed a motion to vacate his sentence with the United States District Court for South Carolina. During the course of litigation on his motion to vacate, Sweeney moved to compel discovery against the Oak Ridge (Tennessee) Police Department to produce various documents. The South Carolina district court denied the motion stating that it had no jurisdiction over the police department and that the documents in question were irrelevant to Sweeney's motion to vacate.
 
 
 3
 After the South Carolina district court denied the motion for discovery, Sweeney filed a petition to compel discovery against the police department with the United States District Court for the Eastern District of Tennessee. The Tennessee district court dismissed the petition as meritless.
 
 
 4
 In his timely appeal, Sweeney contends that the Tennessee district court erred by adopting the South Carolina court's rationale that the requested materials were irrelevant.
 
 
 5
 This court reviews the district court's decision under the abuse of discretion standard. Rhodes v. McDannel, 945 F.2d 117, 119 (6th Cir.1991) (per curiam), cert. denied, 112 S.Ct. 872 (1992).
 
 
 6
 Sweeney's request for discovery is barred by the doctrine of issue preclusion. Under the doctrine of issue preclusion, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. Montana v. United States, 440 U.S. 147, 153-54 (1979); United States v. Three Tracks of Property, 994 F.2d 287, 290 (6th Cir.1993). As the South Carolina district court had ruled that the requested documents were irrelevant, the Tennessee district court did not err in dismissing Sweeney's motion to vacate based on the prior decision.
 
 
 7
 Finally, the Tennessee district court was without jurisdiction to entertain the motion. As Sweeney was convicted in South Carolina, jurisdiction over Sweeney's Sec. 2255 motion was in South Carolina and not in Tennessee. See 28 U.S.C. Sec. 2255 (1988) (prisoner "may move the court which imposed the sentence"). As the motion to vacate was properly filed in South Carolina, under Rule 6 of the Rules Governing Section 2255 Proceedings in the United States District Courts, the South Carolina district court was responsible for Sweeney's discovery request. Thus, the Tennessee district court was without jurisdiction to entertain the petition.
 
 
 8
 Accordingly, we affirm the district court's order.