62 F.3d 1417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Napoleon HARTSFIELD, Plaintiff-Appellant,
v.
Gary WEST and Peter Isaacson, Defendants-Appellees.
 No. 94-2356.
 United States Court of Appeals, Sixth Circuit.
 Aug. 3, 1995.
 
 Before: MARTIN, GUY and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Napoleon Hartsfield, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Seeking monetary relief, Hartsfield sued two correctional officers of the Michigan Department of Corrections in their individual capacities. Hartsfield alleged that the defendants violated his due process and First Amendment rights when they "shuffled" his legal papers and took his wedding ring packed with his personal property upon his transfer into the Baraga Maximum Correctional Facility. Hartsfield alleged that the defendants conspired against him and he also alleged a state law claim of conversion for the taking of his wedding ring.
 
 
 3
 A magistrate judge recommended that, to the extent Hartsfield alleged a due process claim, it should be dismissed pursuant to 28 U.S.C. Sec. 1915(d). In his objections, Hartsfield indicated that he did not contest the magistrate judge's dismissal of his due process claim or any claim for the shuffling of his legal papers (other than that defendants acted in this manner in retaliation for Hartsfield's complaints about the defendants' conduct). The district court adopted the magistrate judge's recommendation and dismissed Hartsfield's due process claim. With regard to Hartsfield's First Amendment claims, his conspiracy and state law claims, the magistrate judge later recommended dismissing Hartsfield's Sec. 1983 lawsuit. After de novo review in light of Hartsfield's objections, the district court dismissed the case.
 
 
 4
 On appeal, Hartsfield's brief is construed as raising those claims which he raised in the district court, except he made no mention of the district court's dismissal of his due process claim. He requests the appointment of counsel in his brief.
 
 
 5
 Initially, we note that Hartsfield waived appellate review of his due process claim based on his failure to contest this issue in his objections to the magistrate judge's September 10, 1993, report. See Thomas v. Arn, 474 U.S. 140, 155 (1985).
 
 
 6
 Upon de novo review, we conclude that the district court properly dismissed Hartsfield's Sec. 1983 lawsuit because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 7
 Hartsfield has not shown that the defendants' conduct caused him to be injured or deprived of his constitutional rights. See Martinez v. California, 444 U.S. 277, 285 (1980); Rhodes v. McDannel, 945 F.2d 117, 119 (6th Cir. 1991) (per curiam), cert. denied, 502 U.S. 1032 (1992).
 
 
 8
 Government officials may not retaliate against persons who have participated in constitutionally protected conduct. See, e.g., Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). A First Amendment violation is asserted if an inmate claims that he was retaliated against for exercising his constitutional rights. Murphy v. Lane, 833 F.2d 106, 108-09 (7th Cir. 1987) (per curiam). Hartsfield has not met his burden of showing retaliation on his First Amendment claims. See Mt. Healthy City Sch. Dist. Bd. of Educ., 429 U.S. at 287. Hartsfield's conspiracy claim fails because he has not provided any evidence of a conspiratorial plan or that the defendants shared a general conspiratorial objective. Hooks v. Hooks, 771 F.2d 935, 943-44 (6th Cir. 1985). His allegations lack the requisite material facts and specificity necessary to sustain a conspiracy claim. Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir. 1987). To the extent that Hartsfield is alleging that his state law rights were violated, the district court's exercise of its discretion pursuant to 28 U.S.C. Sec. 1367(c)(3) was proper.
 
 
 9
 Accordingly, we deny Hartsfield's request for counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.