**John E. MASON, Plaintiff–Appellant,**

v.

**LOUISVILLE POLICE DEPARTMENT, et al., Defendants–Appellees.**

**No. 00–5932.**

United States Court of Appeals, Sixth Circuit.

March 16, 2001.

Before COLE and GILMAN, Circuit Judges; BORMAN, District Judge.[*]

John E. Mason, a Kentucky state prisoner, appeals pro se the summary judgment for defendants in a civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Mason filed a complaint and amended complaint against the Louisville Police Department, ten police officers, and the chief of police, alleging that he had been subjected to excessive force during an arrest and that evidence against him had been manufactured. The district court dismissed the claims against the officers in their official capacities, the police department and the chief of police. The individual officers filed a motion for summary judgment and a motion for extension of time to file based on the illness of their original counsel. The motion for summary judgment was supported by evidence that Mason had entered a guilty plea to numerous charges arising out of the incident of which he complained, including several counts each of assault, wanton endangerment, and menacing. Mason objected to the late filing of the motion, and also filed a response. The district court granted summary judgment to the defendants.

On appeal, Mason alleges that he did not attack the police officers with a metal chair and a steak knife while threatening to kill them, as he admitted in his guilty plea, and that police officers used excessive force when his arm was broken with a baton. He also argues that the motion for summary judgment should have been denied because it was filed late.

Upon review, we conclude that the summary judgment for defendants should be affirmed, as there is no genuine issue of material fact and they are entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Mason's claims were not cognizable because they would imply the invalidity of his convictions. *See Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). First, he is estopped by his guilty plea from now alleging that he did not attack the police officers with a steak knife and metal folding chair, and

[*] The Honorable Paul D. Borman, United States District Judge for the Eastern District of Michigan, sitting by designation.

threaten to kill them. *See Walker v. Schaeffer,* 854 F.2d 138, 142–43 (6th Cir. 1988). He admitted all of this conduct in his plea proceedings. The police officers therefore had probable cause to believe that Mason posed a threat of serious physical harm to them, and were thus justified in forcibly arresting him. *See Rhodes v. McDannel,* 945 F.2d 117, 120 (6th Cir. 1991). They are thus entitled to judgment as a matter of law. This case is distinguishable from *Donovan v. Thames,* 105 F.3d 291, 295 (6th Cir.1997), in which this court held that a plaintiff could maintain an excessive force claim where he had been convicted of resisting arrest, but had not admitted any conduct which would justify the use of deadly force.

■ Mason's main argument on appeal is that summary judgment was improperly granted to the defendants because their motion was filed after the deadline set by the court's scheduling order. This argument is without merit. Defendants alleged good cause for the late filing, no trial date had been set, and the delay did not cause any prejudice to Mason, who had ample time to respond to the motion. *See Angulo–Alvarez v. Aponte de la Torre,* 170 F.3d 246, 248 n. 2 (1st Cir.), *cert. denied,* 528 U.S. 819, 120 S.Ct. 60, 145 L.Ed.2d 52 (1999).

For all of the above reasons, the summary judgment for defendants is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.