**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Eddie Lee RANDOLPH, Defendant–**
**Appellant.**

**No. 01–5919.**

United States Court of Appeals,
Sixth Circuit.

Sept. 19, 2002.

Before GUY and BATCHELDER,

Circuit Judges; QUIST, District Judge.*

Eddie Lee Randolph appeals from his judgment of convictions and sentence. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1998, a jury convicted Randolph of three counts of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 924(e), and the district court sentenced him to 264 months of imprisonment. On appeal, this court reversed Randolph's convictions because the district court erroneously admitted evidence in violation of Fed.R.Evid. 404(b), and this court remanded the case for a new trial. *United States v. Randolph,* No. 98–5729, 2000 WL 92263 (6th Cir. Jan.18, 2000) (unpublished decision). On remand, Randolph moved to dismiss the indictment because of excessive pretrial delay in executing an arrest warrant. Over Randolph's objections, the district court adopted the magistrate judge's report and recommendation and denied Randolph's motion as meritless. The district court subsequently conducted another trial, and the jury again convicted Randolph of the three § 924(e) violations. The district court sentenced Randolph to 288 months of imprisonment and five years of supervised release, and the court imposed a $300 special assessment. In this timely appeal, Randolph argues that the district court improperly denied his motion to dismiss the indictment.

■ We initially note that Randolph has waived the issue raised in his motion to dismiss the indictment because he failed to raise this issue in his prior appeal before this court. The law-of-the-case doctrine precludes a challenge to a decision made at a previous stage of the litigation which could have been raised in a prior appeal, but was not. *United States v. Adesida,* 129 F.3d 846, 850 (6th Cir.1997). In his prior appeal, Randolph argued that evidence seized during his arrest should have been suppressed because excessive delay in arresting him on a pending indictment violated his Sixth Amendment rights. This court rejected that argument as meritless. *Randolph,* 2000 WL 92263, at *6. Randolph now argues that his current indictment should be dismissed because the excessive delay prior to his arrest violated his Fifth Amendment rights. Since Randolph could have raised this issue in his prior appeal, he has waived consideration of the issue in his current appeal.

■ Nonetheless, the district court properly denied Randolph's motion to dismiss. This court reviews a district court's refusal to dismiss an indictment for an abuse of discretion. *United States v. Middleton,* 246 F.3d 825, 841 (6th Cir.2001).

The district court did not abuse its discretion in denying Randolph's motion. In March 1994, the Memphis Police Department arrested Randolph for assaulting his sister and brother-in-law, and the State of Tennessee brought attempted rape charges and a firearm charge against Randolph. Based on the same conduct, a federal grand jury issued indictment No. 94–20087, which charged Randolph with being a felon in possession of a firearm and ammunition. Randolph pleaded guilty in Tennessee state court to two counts of aggravated assault, and he was subsequently incarcerated on these convictions until May 1996. In January 1997, the government obtained a warrant for Randolph's arrest based on the gun and ammunition charges contained in indictment

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

No. 94–20087. As part of routine processing after his arrest, Randolph was asked to empty his pockets. Randolph complied and produced two rounds of ammunition from his back pocket. With this evidence, the officers obtained a search warrant for Randolph's home to look for more ammunition or firearms. A search of the house produced a handgun and ammunition. Based on this new evidence, indictment No. 97–2009 was returned in February 1997, charging Randolph with three counts of being a felon in possession of a firearm and ammunition. At the outset of the federal proceedings, the government dismissed with prejudice the 1994 indictment because of speedy trial concerns. Randolph subsequently was convicted of the three counts in the 1997 indictment. He now argues that the delay in arresting him on the 1994 indictment violated his Fifth Amendment rights.

Randolph's argument is without merit. Pre-indictment delay warrants dismissal when a defendant can show substantial prejudice where the state intentionally delayed the prosecution to gain a tactical advantage. *United States v. Marion*, 404 U.S. 307, 324, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *United States v. Rogers*, 118 F.3d 466, 475–76 (6th Cir.1997). The defendant has the burden of showing substantial prejudice. *Rogers*, 118 F.3d at 475. Although Randolph's case involves the inverse of the usual pre-indictment delay situation (because he is arguing that the delay occurred in arresting him, not in issuing the indictment), the same principles are applicable.

Randolph has not shown that he suffered substantial prejudice. Any prejudice that Randolph may have suffered from the delay in his arrest was obviated when the government dismissed the 1994 indictment with prejudice. Further, Randolph did not suffer any prejudice to his current convic-

tions. In the prior appeal, this court concluded that when "the arrest warrant was issued, it was based on an indictment that was still valid." *Randolph*, 2000 WL 92263, at *6. Beyond the delay in issuing the warrant, Randolph does not argue that his arrest or the subsequent search of his home was infirm in any manner. Since this court previously determined that the arrest warrant was properly issued, Randolph's challenge to the 1997 indictment is without merit.

Accordingly, this court affirms the district court's judgment.