NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0691n.06
Filed: September 15, 2006

No. 05-6532

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CHRISTY CALDWELL, | ) | |
| Administratrix of the Estate of Rebecca Cay | ) | ON APPEAL FROM THE |
| Caldwell, Deceased, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| Plaintiff-Appellant, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| v. | ) | **O P I N I O N** |
| | ) | |
| CITY OF LOUISVILLE, | ) | |
| | | |
| Defendant-Appellee. | | |

**BEFORE:**   **DAUGHTREY and COOK, Circuit Judges; COLLIER, District Judge.**[*]

**CURTIS L. COLLIER, District Judge.**  This is the second time this case has been before

this Court.  After a previous panel of this Court reversed and remanded the District Court's grant of

summary judgment on Plaintiff Christy Caldwell's ("Caldwell") 42 U.S.C. § 1983 claim, the District

Court granted summary judgment to Defendant City of Louisville (the "City").  Because we conclude

the law-of-the-case doctrine precludes summary judgment, we **REVERSE** the District Court's grant

of summary judgment with respect to Caldwell's substantive due process claims under § 1983.

---

[*]The Honorable Curtis L. Collier, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation.

## I. FACTS AND PROCEDURE

The facts of the case have been recited in full in the previous panel's opinion in *Caldwell v. City of Louisville*, 120 Fed.Appx. 566, 2004 WL 2829026 (6th Cir. Dec. 9, 2004)("*Caldwell I*") and need not be restated here. In *Caldwell I*, the District Court rejected both of Caldwell's claims for relief[1] and entered summary judgment after concluding, in part, that (1) no reasonable finder of fact would determine that the City's culpability had risen to the level of "conscience shocking,"[2] and (2) the requisite elements for a claim of negligence under Kentucky law could not be satisfied. Caldwell appealed the District Court's grant of summary judgment to this Court.

In a December 9, 2004 decision, a panel of this court reversed in part and affirmed in part the decision of the District Court. Viewing the evidence in a light most favorable to Caldwell and accepting the validity of the opinion of her expert witnesses, the Court found the City "undertook some affirmative conduct which ultimately increased Rebecca's risk of harm." *Caldwell*, 120 Fed.Appx. 566, 573, 2004 WL 2829026, *6. The Court concluded Caldwell asserted a viable claim for a violation of Rebecca's constitutional right to substantive due process. *Caldwell*, 120 Fed.Appx. 566, 576, 2004 WL 2829026, *9. As a result, the panel reversed the District Court's dismissal of Caldwell's 42 U.S.C. § 1983 claim. Turning to Caldwell's claim of negligence under Kentucky law,

---

[1] In this lawsuit, Caldwell claims her deceased daughter, Rebecca Cay Caldwell ("Rebecca"), (1) was denied her constitutional right to substantive due process and (2) was fatally injured as a direct result of the City's negligence, as defined by Kentucky law.

[2] In its ruling, the District Court determined that it was not enough for Christy Caldwell to allege a "state-created danger," but declared that she must also demonstrate that the claimed municipal misconduct "shocks the conscience." The District Court, while declining to rule on whether the facts could sufficiently support Christy Caldwell's assertions of a "state-created danger," granted a summary judgment against her because it concluded "that no reasonable finder of fact could find that the City's culpability rose to the level of 'conscience shocking.' "

the panel concluded the District Court correctly awarded summary judgment in favor of the City.

*Id.* The case was remanded for resolution of Caldwell's substantive due process claim.

On June 27, 2005, the United States Supreme Court issued the decision in *Town of Castle Rock, Colo. v. Gonzales*, 125 S. Ct. 2796 (2005). The City then filed a second motion for summary judgment, arguing the *Castle Rock* decision commanded the dismissal of Caldwell's substantive due process claims. The District Court granted the City's second motion for summary judgment and dismissed, again, Caldwell's substantive due process claims. Caldwell filed this appeal eight days later.

## II. STANDARD OF REVIEW

The Court reviews *de novo* a district court's order granting summary judgment. *Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir. 1997). Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the burden is on the moving party to conclusively show no genuine issues of material fact exist, *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003), and the Court must view the evidence and draw all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). However, the nonmoving party is not entitled to a trial merely on the basis of allegations, but must come forward with some significant probative evidence to support its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the nonmoving party fails to make a

sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Id.* at 323, 106 S. Ct. at 2552.

The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question, but does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003). The standard for summary judgment mirrors the standard for directed verdict. *Anderson*, 477 U.S. at 250, 106 S. Ct. at 2511. The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52, 106 S. Ct. at 2512. There must be some probative evidence from which the jury could reasonably find for the nonmoving party. If the Court concludes a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Id.*; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## III. ANALYSIS

Because of the posture of this case, it may be decided on purely procedural grounds. The previous panel rendered a decision and the case returns to us with no intervening change in the facts. In this posture we are required to consider the law-of-the-case doctrine and the mandate rule.

### A.    Law-of-the-Case Doctrine

The previously issued decision of the prior panel constitutes the law of the case. The law-of-the-case doctrine precludes reconsideration of issues decided at an earlier stage of the case. *United States v. Moored*, 38 F.3d 1419, 1421-22 (6th Cir. 1994) (under the law-of-the-case doctrine, a

district court is precluded from revisiting an issue that was expressly or impliedly decided by an appellate court). Pursuant to the law-of-the-case doctrine, and the complementary "mandate rule," upon remand the trial court is bound to "proceed in accordance with the mandate and law of the case as established by the appellate court." *Westside Mothers v. Olszewski,* — F.3d —, 2006 WL 1976057, *4 (6th Cir. July 17, 2006). The trial court is required to "implement both the letter and the spirit" of the appellate court's mandate, "taking into account the appellate court's opinion and the circumstances it embraces." *Id.* (citing *Brunet v. City of Columbus*, 58 F.3d 251, 254 (6th Cir. 1995)). The power of this court to reach a result inconsistent with a prior decision reached in the same case is "to be exercised very sparingly, and only under extraordinary conditions." *Craft v. United States,* 233 F.3d 358, 363-64 (6th Cir. 2000) (citing *General Am. Life Ins. Co. v. Anderson*, 156 F.2d 615, 619 (6th Cir. 1946) .

Under the law-of-the-case doctrine, a prior ruling may be reconsidered under one of three extraordinary conditions:

> It is clear that when a case has been remanded by an appellate court, the trial court is bound to "proceed in accordance with the mandate and law of the case as established by the appellate court." The "law of the case" doctrine precludes a court from "reconsideration of identical issues." "Issues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case."

> As we have held, however, this "law of the case" doctrine is "directed to a court's common sense" and is not an "inexorable command." We previously have stated three reasons to reconsider a ruling: (1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice.

*McKenzie v. BellSouth Telecommunications, Inc.*, 219 F.3d 508, 513 n.3 (6th Cir. 2000)(citing

*Hanover Ins. Co. v. American Eng'g Co.*, 105 F.3d 306, 312 (6th Cir.1997) (quoting *Petition of U.S. Steel Corp.*, 479 F.2d 489, 493 (6th Cir.1973)). In this case, it is apparent that there is no new or different evidence. Further, *Caldwell I* was not clearly erroneous and would not work a manifest injustice.[3] Therefore, the only remaining question under the law-of-the-case doctrine is whether there exists a subsequent contrary and controlling view of the case law.

**B.    *Castle Rock*'s Impact on the State-Created-Danger Exception**

The facts of *Castle Rock* are quite similar to those in the present case. This similarity no doubt led the District Court to grant summary judgment. In *Castle Rock*, Ms. Gonzales brought suit alleging the police willfully and recklessly had failed to take steps to enforce her restraining order against her husband and protect her daughters (who were subsequently killed by Ms. Gonzales's husband/their father) and thereby violated her due process rights. As the case was presented to the Supreme Court, there was no remaining claim that the failure to enforce the restraining order had constituted a *substantive* deprivation of liberty in violation of the due process clause. Justices Souter and Breyer, concurring in the opinion and judgment of the Court, pointed out that Ms. Gonzales had not asserted that she had lost a constitutionally protected liberty interest. *Town of Castle Rock*, 125 S. Ct. at 2811, n*.

*Castle Rock* extensively talks about procedural due process and how it relates to the facts at

---

[3]The Court recognizes that the law-of-the-case doctrine is discretionary when applied to a coordinate court or the same court's own decisions. *Bowles v. Russell*, 432 F.3d 668 (6th Cir. 2005); *Bowling v. Pfizer, Inc.*, 132 F.3d 1147, 1150 (6th Cir. 1998) (citing *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990)); *See Christianson*, 486 U.S. at 817, 108 S.Ct. 2166 (acknowledging the limits of the doctrine in situations of clearly erroneous rulings); *In re Kenneth Allen Knight Trust*, 303 F.3d 671, 677-78 (6th Cir. 2002) (doctrine is discretionary when a court reviews its prior erroneous decision)

issue in that case. The majority found that Colorado law did not make the enforcement of restraining orders mandatory; Colorado left the decision to enforce such orders within the discretion of the police. *Town of Castle Rock*, 125 S. Ct. at 2805-07. In concluding the police had discretion to enforce a restraining order, the Court determined Ms. Gonzales did not have an "entitlement" to enforcement of the restraining order, or police protection for her and her daughters. *Id.* at 2808-09. Therefore, the majority in *Castle Rock* ruled that the procedural component of the due process clause did not guarantee Ms. Gonzales, or her daughters, that the police would give reasonable consideration to Mr. Gonzales's request for enforcement of the restraining order. *Id.* at 2810. Justice Scalia concluded: "In light of today's decision and that in *DeShaney*, the benefit that a third party may receive from having someone else arrested for a crime *generally* does not trigger protections under the due process clause neither in its procedural nor in its 'substantive' manifestations." 125 S. Ct. at 2810 (emphasis added)(referencing *DeShaney v. Winnebago County Dept. of Social Servs.*, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989)).

The City asserts the only way Caldwell's claim is actionable is if Rebecca had some sort of right to having Benjamin Mills[4] arrested. This argument fails to distinguish between the different jurisprudential requirements of substantive and procedural due process claims. Caldwell's substantive due process claims are not predicated on an "entitlement" based on state law. Instead, Caldwell's claims are founded on a completely separate theory of liability: the state-created-danger exception to *DeShaney*'s general rule that the state is not liable for protecting individuals from harm

---

[4]Benjamin Mills, Rebecca's live-in boyfriend, strangled Rebecca to death on September 18, 2000.

inflicted by a third party. *DeShaney* has two exceptions - special relationship based on state custody and "state-created danger." Even in noncustodial settings, "state officials may violate the Due Process Clause when their affirmative actions directly increase the vulnerability of citizens to danger or otherwise place citizens in harm's way." *Ewolski v. City of Brunswick*, 287 F.3d 492, 509 (6th Cir. 2002); *Gazette v. City of Pontiac*, 41 F.3d 1061, 1065 (6th Cir. 1994) ( "[A] duty to protect can arise in a noncustodial setting if the state does anything to render an individual more vulnerable to danger."); *Butera v. District of Columbia*, 235 F.3d 637, 648-49 (D.C.Cir. 2001) ( "All circuit courts of appeals . . . have by now relied on this passage in *DeShaney* to acknowledge that there may be possible constitutional liability . . . where the state creates a dangerous situation or renders citizens more vulnerable to danger." (quotation omitted)); *Bowers v. DeVito*, 686 F.2d 616, 618 (7th Cir. 1982) ( "If the state puts a man in a position of danger from private persons and then fails to protect him, it will not be heard to say that its role was merely passive; it is as much an active tortfeasor as if it had thrown him into a snake pit."). The City cites no authority which suggests the *Castle Rock* decision eliminates, or in any way changes or alters, the state-created-danger doctrine.

There is nothing in *Castle Rock* that compels a conclusion the Supreme Court intended to eliminate the state-created-danger exception to the *DeShaney* rule. This is not surprising since the Court did not have occasion to address or consider the plaintiff's substantive due process claim as it was not before the Court. Since *Castle Rock* did not specifically address any substantive due process claims under the *DeShaney* state-created-danger exception (the exception applicable to Caldwell's substantive due process claim), the *Castle Rock* decision does not directly overrule or supercede the panel's analysis previously applied to the facts in *Caldwell I.*

**C.      Failure to Train and Failure to Supervise**

Since the District Court granted summary judgment based upon the *Castle Rock* decision, it did not address Caldwell's alternative basis for finding §1983 liability: failure to train and failure to supervise. This Court has determined that, where inadequacies in the training and supervising employees result in a constitutional deprivation, municipal liability arises. *Sargi v. Kent City Bd. of Educ.*, 70 F.3d 907 (6th Cir. 1995). A municipality can be liable under § 1983 only where its policies are the "moving force [behind] the constitutional violation." *City of Canton, Ohio v. Harris,* 489 U.S. 378, 389, 109 S.Ct. 1197, 1205 (1989). Only where a municipality's failure to train its employees in a relevant respect evidences a "deliberate indifference" to the rights of its inhabitants can such a shortcoming be properly thought of as a city "policy or custom" that is actionable under § 1983. *Id.* Upon remand, the District Court should address this alternative theory of liability.

**IV.  CONCLUSION**

Because a panel of this court previously concluded Caldwell has asserted a viable claim for a violation of her daughter's constitutional right to substantive due process under the state-created-danger exception to the rule in *DeShaney*, and the *Castle Rock* decision did not disturb the exception, we **REVERSE** the District Court's grant of summary judgment for the City in regard to Caldwell's claims under 42 U.S.C. §1983. The case is **REMANDED** to the District Court for action consistent with this opinion.