File Name: 07a0193n.06

Filed: March 12, 2007

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**No. 06-5124**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| GEORGE LIKAS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Middle |
| LIFE INSURANCE COMPANY OF NORTH | ) | District of Tennessee |
| AMERICA, | ) | |
| | ) | |
| Defendant-Appellee, | | |

Before:      MARTIN and GUY, Circuit Judges; CARR, District Judge.[*]

CARR, District Judge.  In this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq., Plaintiff George Likas contends that Defendant, Life Insurance Company of North America ("LINA"), wrongfully terminated his long-term disability ("LTD") insurance benefits.  Likas appeals the District Court's denial of several of his motions: 1) motion to compel production of the Administrative Record; 2) two motions to conduct discovery; and 3) motion to remand the case to the plan administrator.  Likas also appeals the District Court's grant of judgment on the Administrative Record in favor of LINA.

**I. Factual Background**

---

[*] The Honorable James G. Carr, Chief United States District Judge for the Northern District of Ohio, sitting by designation.

No. 06-5124
George Likas v. Life Insurance Company of North America

Likas worked as a Branch Manager for ABM Industries ("ABM") at its Nashville, Tennessee facility. As Branch Manager – a position requiring frequent sitting and standing and occasional walking and climbing – Likas performed sales and administrative tasks. Likas participated in ABM's group LTD policy (the "Policy"), issued and administered by Defendant LINA.

> The Policy defines "Disability" for employees in Likas's category as follows:
>
> An Employee is Disabled if, because of Injury or Sickness,
> 1. he or she is unable to perform all the material duties of his or her regular occupation, or solely due to Injury or Sickness, he or she is unable to earn more than 80% of his or her Indexed Covered Earnings; and
> 2. after Disability Benefits have been payable for 24 months he or she is unable to perform all the material duties of any occupation for which he or she may reasonably become qualified based on education, training or experience, or solely due to Injury or Sickness, he or she is unable to earn more than 80% of his or her Indexed Covered Earnings.

(J.A. at 461.)

Before benefits are payable, an employee must provide satisfactory proof of disability and must be continuously disabled for 90 days. After benefits become payable, an employee must continue to provide proof of disability.

Likas's documented medical problems include muscle and joint pain, fatigability, myofascial pain syndrome, lumbar spine arthritis, chronic pain syndrome, cervical post-laminectomy pain syndrome, cervical radiculopathy, depression, and anxiety. Likas underwent two surgeries to attempt to reduce his pain.

On January 4, 2000, Likas initiated his claim for disability benefits. Likas described his

condition as "[d]eterioration of muscles and bones throughout [his] entire body" and "pain, weakness, fatigue – muscle and otherwise." (J.A. at 579.) On January 11, 2000, LINA approved Likas's claim for short-term disability benefits, which Likas received through February 29, 2000. LINA approved Likas's claim for LTD benefits on April 3, 2000.

Likas returned to ABM on a part-time, trial basis from July 2000 to August 2000, when extreme pain prevented him from continuing to work.

At various points during LINA's review of Likas's file, LINA notified Likas that his doctors had not responded to LINA's numerous requests for medical information. LINA encouraged Likas to expedite his doctors' responses.

Several doctors were unable to identify the cause of Likas's pain.

LINA suspended Likas's LTD benefits as of October 27, 2001, after LINA concluded that Likas could return to his regular occupation. LINA informed Likas of his right to appeal the decision and provided a list of specific information that he should submit to support his appeal.

Likas appealed LINA's decision on January 2, 2002. LINA subsequently asked Intracorp, its sister company, to hire a neurosurgeon to review the information in Likas's file. Intracorp hired Dr. Scott G. Cutler, a neurosurgeon, to review Likas's medical records and answer specific questions about Likas's condition. On May 8, 2002, Dr. Cutler concluded that no medical documentation supported Likas's inability to work light duty positions after October 28, 2001, and that no demonstrated condition precluded Likas from working full-time in a sedentary position as of October 28, 2001.

On June 19, 2002, LINA upheld its decision to terminate Likas's benefits.

## II. Procedural Background

On March 4, 2003, Likas filed suit against LINA in the Chancery Court for Davidson County, Tennessee, alleging a claim for bad faith breach of a health insurance contract. LINA filed a notice of removal on April 10, 2003, asserting that the case presented a federal question under ERISA.

On May 23, 2003, counsel for LINA filed with the District Court a copy of the Administrative Record.

On February 23, 2004, Likas filed a motion to conduct discovery, alleging that LINA was operating under a conflict of interest when it denied Likas's claim. The District Court denied this motion on April 2, 2004.

Also on February 23, 2004, Likas filed a motion to compel production of those portions of the Administrative Record that, according to Likas, LINA had withheld from discovery. On April 15, 2004, the Magistrate Judge held a hearing on this motion. The Magistrate Judge denied this motion on April 21, 2004, after concluding that LINA had submitted the Administrative Record as it existed when LINA made its final decision to deny Likas's claim.

On November 29, 2004, Likas filed a motion to remand this case to the plan administrator. Likas argued that remand was necessary for the following reasons: 1) LINA failed to include a copy of the summary plan description with the Administrative Record, preventing LINA from establishing that its claims review procedure was reasonable; 2) LINA failed to follow its claims review procedure; 3) LINA used the wrong benefits expiration date in denying Likas's claim; and 4) LINA failed to request or consider relevant medical records. The District

No. 06-5124
George Likas v. Life Insurance Company of North America

Court denied Likas's motion to remand, finding that LINA had substantially complied with ERISA's procedural requirements.

On October 7, 2005, LINA filed a motion to strike or exclude from consideration the following: 1) "Plaintiff's Citation to Medical Authorities," an attachment to the memorandum Likas filed in support of his motion for judgment on the Administrative Record; and 2) all references in Likas's memorandum to this attachment. The District Court granted LINA's motion, noting that Likas could not submit new evidence in support of his claim at such a late stage in the proceedings.

On October 19, 2005, Likas filed a second motion to conduct discovery. Likas argued that he was entitled to explore the conflict of interest arising from LINA's relationship with Intracorp, an entity that Likas only recently discovered was LINA's sister company. The District Court denied this motion, noting that the discovery deadline had long passed. The Court also pointed out that LINA had disclosed the relationship between it and Intracorp more than two years earlier in the Administrative Record. The District Court did indicate, however, that it would consider any conflict or conflicts of interest when evaluating LINA's decision to terminate Likas's benefits.

LINA and Likas filed cross-motions for judgment on the Administrative Record. The District Court denied Likas's motion and granted LINA's motion. The District Court concluded that LINA's termination of benefits was rational in light of the Policy's provisions.

### III. Analysis

### A. Motion to Compel

Likas appeals the District Court's denial of his motion to compel production of the Administrative Record, which, Likas argues, is incomplete. Likas argues that LINA failed to include in the Administrative Record information critical to evaluating the strength and credibility of Dr. Cutler's assessment, namely: 1) an account of what records and instructions Intracorp gave to Dr. Cutler to review; and 2) the instructions LINA gave to Intracorp regarding Likas and his claim.

The District Court has broad discretion in regulating discovery, and its ruling will not be overturned absent a clear abuse of discretion. *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991) (citations omitted).

This Court agrees with Likas that, if these materials did, in fact, exist as part of the Administrative Record, LINA would be required to furnish them to the District Court. LINA's counsel, however, submitted that LINA has produced an exact copy of the Administrative Record as it was maintained in the ordinary course of LINA's business. While Likas "vigorously argues that that [sic] LINA did not file a complete copy of the Administrative Record of his claim," (Appellant's Br. 46), Likas presents no evidence to support this contention.

Likas cannot "simply on a hunch" compel LINA to produce documents that either do not exist or were not included in the Administrative Record in the ordinary course of LINA's business. *See Joiner v. Choicepoint Servs., Inc.*, 2006 WL 2669370, at *3 (W.D.N.C. 2006). We agree with the District Court that "there is nothing further [a court] can compel [d]efendant to file." (J.A. at 34.) The District Court properly denied Likas's motion to compel.

### B.  Discovery Motions

Likas argues that LINA was operating under a conflict of interest when it denied his claim for LTD benefits. Likas appeals the District Court's denial of two discovery motions he filed to investigate the extent to which this alleged conflict of interest may have impacted LINA's decision.

Generally, parties in a civil action may obtain discovery regarding any unprivileged matter that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). In ERISA actions, however, discovery is much more limited because courts must resolve these disputes inexpensively and expeditiously. *Perry v. Simplicity Eng'g*, 900 F.2d 963, 967 (6th Cir. 1990) (citation omitted).

Generally, a court reviewing a party's ERISA claim cannot consider evidence outside the Administrative Record. *Wilkins v. Baptist Healthcare Sys.*, 150 F.3d 609, 619 (6th Cir. 1998) (Gilman, J., concurring). Limited discovery may be appropriate, however, when consideration of evidence is necessary to resolve an ERISA claimant's procedural challenge to the administrator's decision. *Id.* These procedural challenges include allegations that the administrator failed to provide due process or was biased in some way. *Id.*

We agree with the District Court that Likas failed to provide sufficient evidence of bias – or of any procedural irregularity – to justify prehearing discovery. Likas supports his claim with conjecture, and a mere allegation of bias is insufficient to "throw open the doors of discovery" in an ERISA case. *See Putney v. Medical Mutual of Ohio*, 111 Fed. Appx. 803, 806-07 (6th Cir. 2004); *Gindele v. Am. United Life Ins. Co.*, 2006 WL 3193429, at *1-2 (E.D. Ky. 2006) (citations omitted).

### C. Consideration of Materials Outside of the Administrative Record

Likas argues that the District Court mistakenly refused to consider numerous medical records in support of Likas's motion to remand. Likas acknowledges that most of these records, the "evidentiary foundation" of his motion to remand, were not in the Administrative Record. (Appellant's Br. 49). Likas argues that the District Court's refusal to consider these documents "left only [LINA's] Administrative Record for the District Court to consider." (Appellant's Br. 50.)

The Administrative Record is precisely the *only* evidence the District Court may consider. *See Evans v. Unumprovident Corp.*, 434 F.3d 866, 876 (6th Cir. 2006) (citing *Kalish v. Liberty Mut./Liberty Life Assurance Co. of Boston*, 419 F.3d 501, 511 (6th Cir. 2005)). Although certain medical records may be relevant to Likas's appeal of the plan administrator's decision, they cannot be considered by a reviewing court. *See id.* Absent a procedural challenge to a plan administrator's decision, a court's review of an ERISA plan administrator's decision to deny a claim for benefits is limited to the Administrative Record. *Id.*

Likas incorrectly relies on *Wilkins* to support his argument that the District Court improperly refused to consider documents outside of the Administrative Record in deciding Likas's motion to remand. In *Wilkins*, we described as "meritless" an argument very similar to the one advanced by Likas here: that the District Court erred in failing to consider an affidavit that was not a part of the record before the plan administrator. *See* 150 F.3d at 615. The District Court properly excluded from its review Likas's records not contained in the Administrative Record.

### D.  Motion to Remand

Likas argues that the District Court should have granted his motion to remand his case to the plan administrator because LINA knowingly failed to request numerous medical records material to Likas's claim.  Likas argues that, had he known that LINA had not obtained certain medical records, he would have obtained them himself.  Likas also argues that LINA led him to believe that it had obtained all of Likas's records.  Based on LINA's conduct, "the only reasonable conclusion was that LINA had obtained all the records."  (Appellant's Br. 54.)

The District Court denied Likas's claim, noting that the Policy places on Likas the burden of providing proof of his disability to LINA.  This Policy provision logically places this responsibility on Likas, who, as the patient, has ready access to his medical information and can more easily obtain his medical records than can LINA.

The District Court noted that LINA acted fairly with Likas during the disability claims process.  LINA 1) repeatedly asked Likas to contact various physicians who had not responded to LINA's request for medical information; 2) reminded Likas of the deadlines for submission of supporting medical evidence; 3) provided Likas with a continuing opportunity to submit any additional medical information to support his claim; and 4) continually advised Likas that it would consider any information that Likas submitted.

Additionally, we agree with the District Court that LINA acted appropriately with Likas after the initial denial of benefits.  LINA 1) informed Likas of the records on which it relied to deny benefits; 2) advised Likas of his right to appeal the decision; 3) provided a list of the information that Likas should submit to support his appeal; and 4) informed Likas that LINA

would review any additional evidence Likas wished to submit.

Where an insurance policy places the burden of proving disability on a disabled employee, the employee cannot then shift this responsibility to the insurance company. *See Boswell v. Unum Life Ins. Co. of Am.*, No. 2:02-0002, Mem. Op. at 10 n.3 (M.D. Tenn. March 29, 2004) (Knowles, J.) The Policy placed the burden of proving Likas's disability on Likas alone. Thus, the District Court properly denied Likas's motion to remand his case to the plan administrator.

### E. Motion for Judgment on the Administrative Record

We review a denial of benefits challenged under ERISA de novo, unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe terms of the plan. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 (1989). If the administrator or fiduciary has such authority, we apply the highly deferential arbitrary and capricious standard of review. *Kalish v. Liberty Mut./Liberty Life Assurance Co. of Boston,* 419 F.3d 501, 506 (6th Cir. 2005) (citation omitted). A plan administrator's decision will not be deemed arbitrary and capricious so long as it is possible to offer a reasoned explanation, based on the evidence, for that particular outcome. *Id.* (citation omitted).

Here, because the Policy requires an employee to provide to LINA "satisfactory" proof of disability before benefits are payable, (J.A. at 144), the Policy gives the administrator discretionary authority. *See Yeager v. Reliance Standard Life Ins. Co.,* 88 F.3d 376, 380 (6th Cir. 1996). Thus, the arbitrary and capricious standard applies. Additionally, because the parties agree that conflicts of interest exist in this case, this Court will consider these conflicts as part of

its "arbitrary and capricious" analysis. *See Smith v. Cont'l Cas. Co.*, 450 F.3d 253, 260 (6th Cir. 2006).

The District Court provided several reasons for concluding that LINA's decision to terminate Likas's LTD benefits was not arbitrary and capricious: 1) As of October 2001, Likas was capable of fulfilling the duties of his sedentary job; 2) Two of Likas's treating physicians believed that Likas could perform sedentary work; 3) A peer review physician, Dr. Cutler, found that Likas could perform sedentary work; and 4) Likas's clinical and diagnostic tests were normal.

Likas argues, inter alia, that LINA's reliance on Dr. Cutler's assessment was unreasonable because Dr. Cutler did not receive or review all of Likas's medical records. Likas claims that LINA could not reasonably rely on Dr. Cutler's evaluation because Dr. Cutler's report does not address medical records documenting Likas's condition after October 27, 2001 – including those records related to Likas's second surgery.

LINA responds that "whether or not Cutler was provided those records is irrelevant and casts no doubt on the reliability of Cutler's report." (Appellee's Br. 48.) LINA argues that records relating to Likas's condition after October 28, 2001 "were not material to LINA's determination because the Policy provides that 'the insurance ends when the disability ends.'" (Appellee's Br. 47 (citations omitted).) In a footnote, LINA acknowledges that it considered post-October 28, 2001 information to the extent it was relevant to Likas's condition *through* that date, and none of this information was persuasive enough to change LINA's original decision. (Appellee's Br. 47 n.6.)

Nowhere does LINA indicate how, exactly, it reached the decision that, as of October 28, 2001, Likas was no longer disabled. LINA's tautologous argument that documents relating to Likas's post-October 28, 2001 condition are *not relevant* to Likas's disability claim because LINA *already deemed them to be immaterial* necessarily leaves this Court in the dark.

The record does not indicate precisely what information Dr. Cutler reviewed in making his assessment. We cannot determine whether LINA provided Dr. Cutler with records relating to Likas's condition after October 28, 2001 (or, if LINA did provide these records to Dr. Cutler, whether Dr. Cutler considered them), including those relating to Likas's second surgery. On the basis of the present record, we cannot adequately review the District Court's decision to grant LINA's motion for judgment on the Administrative Record. We thus remand this case to the District Court for clarification of the materials reviewed by Dr. Cutler.

## IV. Conclusion

For the foregoing reasons, we AFFIRM the District Court's denial of the following of Likas's motions: 1) motion to compel production of the Administrative Record; 2) two motions to conduct discovery; and 3) motion to remand the case to the plan administrator. The matter of LINA's motion for judgment on the Administrative Record is REMANDED for clarification of the materials reviewed by Dr. Cutler and for such further proceedings as are appropriate.