BERNICE BOUIE DONALD,
concurring.
I agree with the lead opinion as to affirming the district court’s vesting determination and, so, concur in the judgment. I write separately, however, to reassert my disagreement with this Court’s previous determination that despite a lifetime vesting, CNH may unilaterally modify the scope of the retirees’ healthcare benefits.
In Reese I, the Court held that “to the extent [the district court] suggests that these benefits must be maintained precisely at the level provided for in the 1998 CBA, it is not supported by the 1998 CBA, extrinsic evidence provided by the parties or common sense.” Reese I, 574 F.3d at 327. The converse, that CNH may “reasonably” alter these benefits, however, is not supported by this Court or Supreme Court precedent. As I noted in my dissent in Reese II, “[s]everal decisions of this Court, as well as Supreme Court precedent, express the principle that, once a retiree’s health care benefits have vested for life, an employer’s unilateral modification of the scope of those benefits is a violation of the Labor Management Relations Act.” Reese II, 694 F.3d at 687 (citing Allied Chemical & Alkali Workers of Am., Local Union No. 1 v. Pittsburgh Plate Glass Co., Chemical Division, 404 U.S. 157, 181 n.20, 92 S.Ct. 383, 30 L.Ed.2d 341 (1971); Yolton v. El Paso Tenn. Pipeline Co., 435 F.3d 571, 578 (6th Cir. 2006)). My review of this issue and the relevant law, unchanged by the Supreme Court’s decision in Tackett, causes me to continue in my belief that because we have found that the retirees’ healthcare benefits vested for life, “the level of those benefits must be deemed vested in scope and not subject to unilateral modification by CNH.” Reese II, 694 F.3d at 688.
Considering, however, the well-established law-of-the-case doctrine, see Caldwell v. City of Louisville, 200 Fed.Appx. 430, 432-33 (6th Cir. 2006) (“The law-of-the-case doctrine precludes reconsideration of issues decided at an earlier stage of the case”), I recognize the limitations— although not the impossibility — in reaching a result that is inconsistent with that reached at this Court’s first review of this ease.